IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CYNTHIA HOLMES                                                                    PLAINTIFF

V.                              NO. 5:09-cv-00371-JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                           DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff, Cynthia Holmes, seeks judicial review of the denial of her claims for a period of disability and disability insurance benefits and for supplemental security income benefits.[1] Judicial review of the Commissioner's denial of benefits examines whether the decision is based on legal error and whether the findings of fact are supported by substantial evidence in the record as a whole. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009); see 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "less than a preponderance but is enough that a reasonable mind would find it adequate to support the conclusion." *Wiese*, 552 F.3d at 730. In its review, the Court must consider evidence supporting the Commissioner's decision as well as evidence detracting from it. Id. That the Court would have reached a different conclusion is not a sufficient basis for reversal; rather, if it is

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Doc. 9)

possible to draw two inconsistent conclusions from the evidence and one of these conclusions represents the Commissioner's findings, the denial of benefits must be affirmed. Id. In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

An Administrative Law Judge (ALJ) held a hearing on September 13, 2006, and rendered an unfavorable opinion on July 20, 2007. The Appeals Council denied Plaintiff's request for review on September 30, 2009, rendering the ALJ's opinion the final opinion of the Commissioner.

Plaintiff was 35 years of age at the time of the hearing and alleges an onset date of June 18, 2003, which is the date she suffered injuries in a motor vehicle accident. She has a college degree and past relevant work as a retail manager, secretary and clerk. She claims disability arising from neck and back pain, temporomandibular joint dysfunction and headaches. The relevant time period for purposes of evaluating this claim is from June 18, 2003, to July 20, 2007.

To evaluate Plaintiff's claim, the ALJ followed the five-step sequential process. See 20 C.F.R. §§ 404.1520, 416.920; see also , 482 U.S. 137, 140-42

(1987).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  At step two, he found that Plaintiff suffered from the following severe impairments: cervical and lumbar pain with possible degenerative changes; headaches; temporomandibular joint dysfunction; status post deep vein thrombosis in the right lower extremity; status post laproscopic ventral/umbilical hernia repair.[2]  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the listings).  At step four he found Plaintiff's complaints not fully credible and that she retained the residual functional capacity (RFC) to perform a full range of sedentary work, with the ability to occasionally lift/carry up to 10 pounds; sit for 6 hours during an 8 hour workday; and stand/walk for 6 hours during an 8 hour workday.  He further determined that Plaintiff was capable of performing her past relevant work as a secretary, which he found did not require the performance of work-related activities precluded by her RFC.  He thus terminated his analysis at step four, finding that Plaintiff was not under a disability at any time through the date of his decision.

     Plaintiff raises two arguments.  She states the first as follows:

---

[2] The latter two conditions were acute and appear to have been resolved and are not part of the disability picture for the relevant time period.

THE COMMISSIONER ERRED AS A MATTER OF LAW IN RELYING ON VOCATIONAL EXPERT TESTIMONY WHICH DID NOT INCLUDE EXERTIONAL AND NON EXERTIONAL LIMITATIONS WHICH WERE SUPPORTED BY SUBSTANTIAL EVIDENCE AS A WHOLE.

Plaintiff's argument is misplaced.  The ALJ ended his analysis at step four, finding Plaintiff to be able to return to her past relevant work as a secretary.  At this step, the burden of proving she cannot return to her past relevant work remains with Plaintiff and Vocational Expert (VE) testimony is not required.  *Lewis . Barnhart*, 353 F.3d 642, 648 (8th Cir. 2003).  The ALJ here called a VE, but not for the purpose of eliciting expert testimony whether Plaintiff could return to past relevant work or perform other work available in the economy.  He merely elicited fact testimony; asking for the classifications of Plaintiff's past relevant work and whether her skills were transferable.[3]  This was proper, as the ALJ was not required to obtain expert opinion based on a hypothetical question at step four.  Further, he gave counsel the opportunity to further question the VE, which opportunity counsel declined.

It is true there is precedent stating that a hypothetical question to a VE must include all relevant impairments supported by substantial evidence in the record, but those holdings pre-suppose that an opinion based on a hypothetical is sought.

---

[3] The VE characterized work as a retail manager to be skilled light work; work as a secretary to be skilled sedentary work; and work as a general clerk to be semi-skilled light work.  She also stated that Plaintiff had extensive transferable skills.  Tr. 59.

All but one of the precedents cited by Plaintiff were cases where the ALJ'S analysis had progressed to step five and the ALJ asked a hypothetical question to determine whether there were jobs in the economy which a claimant could perform despite that claimant's limitations. At step five, the burden is on the Commissioner to show there are such jobs and vocational expert testimony is often necessary on that issue. The other case cited by Plaintiff, *Grissom v. Barnhart*, 416 F. 3d 834 (8th Cir. 2005) was a step four case where the ALJ used a hypothetical question to elicit an opinion whether the plaintiff could return to her past relevant work. That case does not, however, stand for the proposition that VE testimony was necessary at that step.

Plaintiff's argument that there was a flawed hypothetical is moot.

Plaintiff states her second point for reversal as follows:

THE COMMISSIONER/ALJ ERRED AS A MATTER OF LAW IN NOT ACCORDING ADEQUATE WEIGHT TO MRS. HOLMES' TREATING PHYSICIANS, INCLUDING CHIROPRACTIC PHYSICIAN, DR. COURTNEY AND FAILED TO COMPLY WITH 20 C.F.R. § 403-1527

Plaintiff's argument mentions Dr. Carl Covey, M.D.; Dr. Christine Reyes, M.D.; and Michael Courtney, D.C. Following the hearing, the ALJ sent Plaintiff to Dr. Patricia Knott for examination and an evaluation. Although she was not a treating physician, the Court will discuss her opinion as well. [4]

---

[4] Plaintiff discusses her findings under her first point and argues that the ALJ failed to give proper weight to those findings. His argument was that her findings should

Plaintiff has a substantial history of complaints and treatment. She testified that she suffers from rather extreme limitations in her daily life and functional abilities. However, the objective medical evidence does not support her contentions as to the extent of her impairments. The ALJ took this into account, along with other relevant factors, in determining that her complaints were not fully credible. Plaintiff does not challenge his findings as to Plaintiff's credibility. The ALJ's unchallenged credibility finding and the lack of objective medical evidence are relevant to evaluating whether the ALJ gave proper weight to the doctors' opinions.

An MRI of Plaintiff's cervical spine performed on October 21, 2003, showed minimal relevant findings:[5]

> FINDINGS: No torticollis.[6] Normal cervical lordotic curvature. The signal and size of the cervical spinal cord and proximal thoracic spinal cord are normal.
>
> C5-6, C6-7 central disc shallow mild protrusion abutting the dural sac at both levels. Annular rent is present at C5-6. No cord encroachment at either level. No foraminal stenosis or advanced facet disease.
>
> Minimal left facet arthropathy at C4-5 and C5-6 without foraminal narrowing. Normal cervical marrow signal.

---

have been included in a hypothetical. See, Plaintiff's Brief pp. 11-15.

[5] Tr. 396.

[6] Torticollis is defined as twisted neck, with the head to one side, associated with muscle spasm.

These findings are minimal in that they show normal curvature of the cervical spine, no narrowing of the areas through which nerves pass, normal marrow signals. Although there is mild protrusion of two cervical discs, there is no evidence of encroachment on any nerve. An MRI of Plaintiff's lumbar spine done in April 2005 was normal [7] and a myelogram and CT scan of the cervical spine on September 13, 2005 were also normal. [8]

As to Dr. Covey, it is true that he was a treating physician for a substantial period of time and that he rendered diagnoses and treatment for Plaintiff's problems. However, the ALJ did discuss this evidence adequately. Plaintiff argues that the ALJ improperly discounted Dr. Covey's opinion, but points to no opinion rendered by this doctor as to her limitations or how her conditions affected her ability to function. Nor has the Court has been able to find any evidence that this doctor ever rendered such an opinion. The record contains only his medical records regarding diagnosis and treatment. There is no doubt Plaintiff suffers from medical problems. The question is whether those problems prevent her from working. Dr. Covey has not rendered an opinion on that issue. It is axiomatic that mere proof of diagnosis and treatment does not equate to proof of disability.

Dr. Reyes also treated Plaintiff. She treated Plaintiff from April 27, 2006, to

---

[7] Tr. 394.

[8] Tr. 782-783.

February 28, 2007.[9] The records from the early visits note a diagnosis of chronic lower and upper back pain. Then, on the September 18, 2006, visit, there is the notation in the assessment: "Chronic upper and lower back pain, for which the pt is disabled. She has been deemed disabled since 2004." Subsequent entries, in the "assessment" state: "Chronic back pain for which the patient is disabled." One says, ". . .for which the patient is considered disabled." It is highly questionable whether this constitutes an opinion at all. It appears that Dr. Reyes was just repeating for her records what she had been told by her patient. Even if it were assumed that Dr. Reyes was stating her opinion, there is no discussion and no basis stated for the "opinion." It is not binding on the ALJ or the court in evaluating Plaintiff's impairments and RFC, and the ALJ was entitled to discount these statements. opinions that a claimant is "disabled" or "unable to work" concern issues reserved for the Commissioner and are not the type of opinions which receive controlling weight. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010).

Plaintiff was sent to Dr. Patricia A. Knott, M.D. for a consultative examination following her hearing before the ALJ. Dr. Knott took Plaintiff's history and conducted a physical examination.[10] The physical examination revealed normal motor strength and intact sensation for the upper and lower extremities as

---

[9] Tr. 795-797, 829-831.

[10] Dr. Knott's report is Tr. 825-828.

well as other negative findings. Although Dr. Knott found some limitation of motion and tenderness, she concluded that Plaintiff's neurological examination was essentially normal. The doctor did not take Plaintiff's complaints at face value and discounted her claims as to her limited functional capacity, but did find that Plaintiff could sit only four hours and stand/walk only four hours in an eight hour workday. The ALJ's opinion recounted Dr. Knott's findings, but, as stated above, found that Plaintiff could sit six hours and stand/walk six hours in an eight hour workday in finding that she was capable of a full range of sedentary work. However, Dr. Knott was not a treating physician. Her report specifically stated that she did not have the MRI results available to her. Her finding were based on a single examination and made her findings as to sitting/standing/walking on a residual functional capacity checklist. Residual functional capacity checklists are entitled to little weight in the evaluation of disability. E.g., *Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997); *O'Leary v. Schweiker*, 720 F.2d 1334, 1341 (8th Cir. 1983).

Finally, the ALJ stated valid reasons for assigning no weight to Dr. Courtney's opinion that Plaintiff was totally and permanently disabled. The record bears out the contention that the opinion was unsupported, inconsistent with other evidence and based on an uncritical acceptance of Plaintiff's complaints.

Defendant properly points out that the Court is not entitled to weigh the

evidence.  It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

Plaintiff argues that the ALJ did not evaluate the treating physicians' opinions under the framework described in 20 C.F.R. § 1527. He raises this primarily in regard to treating physician Dr. Covey.  However, as seen, Dr. Covey did not render an opinion as to impairment.  The ALJ discussed the medical evidence from each doctor and explained why he had discounted the opinions of Drs. Reyes and Courtney.  Dr. Knott was not a treating physician and her opinion was entitled to little weight, as discussed above.  There was no material violation of 20 C.F.R. § 1527.

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; see also *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED this 26th day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE